**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 95-60347
Summary Calendar

_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ROBIN LYNN DUVALL,

                                        Defendant-Appellant.



- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:94-CR-109-S-A
- - - - - - - - - -
January 2, 1996

Before KING, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Robin Lynn Duvall appeals her conviction and sentence for aiding and abetting interstate transportation of a stolen vehicle, carjacking, and using and carrying a firearm during a crime of violence, i.e., carjacking.  See 18 U.S.C. §§ 2, 924(c), 2119, 2312.

Duvall argues that the evidence was insufficient to prove that she aided and abetted the carjacking and the use and carrying of a

_____

[*]      Local Rule 47.5.1 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the court has determined that this opinion should not be published.

firearm during or in relation to the carjacking because the government did not prove that she committed some act that related to the use of the firearm.  See United States v. Medina, 32 F.3d 40, 45-47 (2d Cir. 1994).  "[T]o prove aiding and abetting, the government must show that [Duvall]: (1) associated with the criminal enterprise; (2) participated in the venture; and (3) sought by action to make the venture succeed."  United States v. Harris, 25 F.3d 1275, 1279 (5th Cir.) (internal quotation and citation omitted), cert. denied, 115 S. Ct. 458 (1994).  "Use" of a firearm under § 924(c) requires evidence sufficient to show an active employment of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense.  Bailey v. United States, 64 U.S.L.W. 4039 (U.S. Dec. 6, 1995).

After a thorough review of the record, we are satisfied that the evidence was sufficient for conviction under both counts and that the jury instructions correctly stated the law.  See, e.g., Harris, 25 F.3d at 1279. The new standard enunciated in Bailey is satisfied, as Duvall stood next to Lindsey Dye and Kelly Drott while Drott spoke to Dye and pulled out the firearm in order to take Dye's car.  Obviously, the firearm was an operative factor in the carjacking.

Duvall argues that her convictions for aiding and abetting carjacking and aiding and abetting the use and carrying of a firearm during a crime of violence violate double jeopardy. Controlling authority defeats her argument.  See Harris, 25 F.3d at

1276, 1280-81.

Duvall argues that she should have received a reduction to her offense level for being a minimal or minor participant. <u>See</u> U.S.S.G. § 3B1.2. Our review of the district court's finding regarding Duvall's participatory role reveals no clear error. <u>See</u> <u>United States v. Thomas</u>, 932 F.2d 1085, 1091-92 (5th Cir.), <u>cert. denied</u>, 502 U.S. 895 (1991).

AFFIRMED.